# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-848V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DEBBIE HARRIS, | Filed: March 23, 2015 |
| Petitioner, | Decision; Attorney's Fees & Costs |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Lara Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On October 29, 2013, Debbie Harris filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Respondent filed her Rule 4(c) report, on January 23, 2014, recommending compensation under the Vaccine Act be awarded in this case and, accordingly, I issued a damages order. Thereafter, on October 29, 2014, Respondent filed a proffer detailing the amount to be awarded to Petitioner. I subsequently issued a decision finding entitlement and awarding damages. I found the proffer to be reasonable and granted Petitioner an award as outlined in the proffer.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

On March 5, 2015, Petitioner filed a motion for attorney's fees and costs. In addition, and in compliance with General Order #9, Petitioner and Counsel filed a statement regarding costs accrued. The parties subsequently filed a stipulation regarding attorney's fees and costs on March 23, 2015, indicating that Petitioner has amended her request, and now seeks reimbursement for fees and costs in the amount of $24,000.00. The stipulation also indicated that pursuant to General Order #9, Petitioner has advanced no monies in reimbursable costs in pursuit of her claim. The parties now request a decision awarding final attorney's fees and costs, totaling $24,000.00, be issued.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $24,000.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Homer, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

2